Bradley A. Silva, #109423
LAW OFFICES OF BRADLEY A. SILVA
8050 N. Palm Avenue, Suite 300
Fresno, California 93711
Telephone:  (559) 446-2000
Facsimile:   (559) 446-2004
bas@silvalawoffice.net

Attorney for Plaintiff,
PENNY NEWMAN GRAIN CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| PENNY NEWMAN GRAIN CO., a California Corporation,<br><br>　　　Plaintiff,<br><br>vs.<br><br>GLOBAL NATURAL, LLC, a Maryland Limited Liability Company,<br><br>　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES AND <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff, PENNY NEWMAN GRAIN CO., alleges as follows:

## PARTIES

1. At all times mentioned herein, Plaintiff, PENNY NEWMAN GRAIN CO., was, and now is, a corporation organized and existing under the laws of the State of California, with its principal place of business in Fresno County, California.

2. Plaintiff is informed and believes and thereon alleges that, Defendant, GLOBAL NATURAL, LLC, is a limited liability company organized and existing under the laws of the State of Maryland and doing business in California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## BACKGROUND ALLEGATIONS

5. On or about February 3, 2017, Defendant entered into a contract with Plaintiff for the purchase of 800 tons of organic cottonseed. The price agreed to be paid by Defendant was $555.00 per ton, F.O.B. Lubbock, Texas, with the organic cottonseed to be taken by Defendant between February and April of 2017.

6. On or about March 23, 2017, Defendant entered into another contract with Plaintiff for the purchase of six (6) truckloads, approximately 25 tons each, of organic cottonseed. The whole cottonseed was to be of "fair average quality, pellets or loose." The price agreed to be paid by Defendant was $540.00 per ton, F.O.B. Denver City, Texas, with the organic cottonseed to be taken by Defendant between April and May of 2017.

7. The whole cottonseed commodities are "goods" under the California Commercial Code. Written contract confirmations were prepared by Plaintiff to memorialize the terms of the transactions and were forwarded to Defendant by U.S. Mail. Plaintiff is informed and believes and thereon alleges that Defendant received said written contract confirmations, did not object to the terms of the contracts, and are bound by its terms.

8. The written contracts provides for an interest charge of 12% per annum on outstanding balances and recovery of collection costs, including attorneys fees. The interest charge is in the nature of a finance charge, is reasonable and constitutes a valid liquidated damage provision.

9. Plaintiff is informed and believes and thereon alleges that it and Defendant are "merchants" for purposes of the California Commercial Code.

10. At the times pertinent herein, Plaintiff purchased whole soybeans and organic yellow corn from Defendant. Because of the breaches of contract by Defendant, as set forth herein, Plaintiff has not paid for such agricultural commodities in full. On account of such purchases, Plaintiff submits that there is a credit due Defendant in the amount of $94,269.80 and set amount is set off herein against the sums due Plaintiff from Defendant.

///

///

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

11. Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs 1 through 10, inclusive, as though set forth at length herein.

12. Plaintiff agreed to sell and deliver to Defendant organic cottonseed, for which Defendant agreed to pay the contract prices. The organic cottonseed was delivered to Defendant in April, May and June of 2017.

13. Plaintiff has performed all promises, covenants, and conditions required of it to be performed under the terms of the agreements with Defendant.

14. The agreed and reasonable price and value of the organic cottonseed sold and delivered to Defendant, for which payment has not been received, is $335,725.05. Although demand has been made therefor, Defendant has failed, neglected and refused to pay for the organic cottonseed deliveries in full.

15. As a result of the breaches by Defendant in failing to pay Plaintiff, as described above, Plaintiff has sustained contract damages in the amount of $335,725.05, plus interest or finance charges, according to proof.

## SECOND CLAIM FOR RELIEF
(Goods Sold and Delivered)

16. Plaintiff incorporates by reference herein each and every allegation made in the preceding paragraphs 1 through 15, inclusive, as though set forth at length herein.

17. As alleged hereinabove, at the special instance and request of Defendant, Plaintiff agreed to and did provide said goods to Defendant.

18. Defendant has failed to pay Plaintiff all sums due and owing for said goods, despite demand therefor. The sum of $335,725.05 is due, owing and unpaid, plus interest or finance charges, according to proof.

## THIRD CLAIM FOR RELIEF
(Account Stated)

19. Plaintiff incorporates by reference herein each and every allegation made in the preceding paragraphs 1 through 18, inclusive, as though set forth at length herein.

20. On or about June 30, 2017, an account was stated in writing by and between Plaintiff and Defendant, and on such date a balance of $335,725.05 was found due to Plaintiff from Defendant.

21. Though demand therefor has been made, Defendant has failed and refused to pay Plaintiff the agreed balance. After all just credits and offsets, the sum of $241,455.25 is due and owing, plus interest or finance charges, according to proof.

### FOURTH CLAIM FOR RELIEF
(Open Book Account)

22. Plaintiff incorporates by reference herein each and every allegation made in the preceding paragraphs 1 through 18, inclusive, as though set forth at length herein.

23. On or about June 30, 2017, Defendant became indebted to Plaintiff on an open book account for money due in the sum of $335,725.05.

24. Though demand therefor has been made, said Defendant has failed and refused to pay Plaintiff the agreed balance. After all just credits and offsets, the sum of $241,455.25 remains due and owing, plus interest or finance charges, according to proof.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For damages in the sum of $241,455.25;
2. For prejudgment interest according to proof;
3. For Plaintiff's attorney fees pursuant to California Civil Code sections 1717.5 or 1717, or as otherwise provided by law;
4. For cost of suit herein incurred; and
5. For such other and further relief as the court may deem just and proper.

Dated: January 30, 2017

LAW OFFICES OF BRADLEY A. SILVA

By _____
Bradley A. Silva,
Attorney for Plaintiff,
PENNY NEWMAN GRAIN CO.

**DEMAND FOR JURY TRIAL**

Plaintiff, PENNY NEWMAN GRAIN CO., respectfully demands, pursuant to Rule 38, Federal Rules of Civil Procedure, a trial by jury in this civil action.

Dated: January 30, 2017

LAW OFFICES OF BRADLEY A. SILVA

By _____
Bradley A. Silva,
Attorney for Plaintiff,
PENNY NEWMAN GRAIN CO.